## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| **GI SYUNG NAM**<br>on behalf of himself and all others<br>similarly situated,<br><br>  **Plaintiff,**<br><br>**v.**<br><br><br>**JONG HO CHO,**<br>**AJIN METAL SCRAP CORPORATION,**<br>**CORE STEEL INTERNATIONAL, INC.,**<br>**METAL SOURCE AMERICA, INC.,**<br>**and NA Y KIM**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>) **CIVIL ACTION**<br>) **FILE NO.** 3:15-cv-135-TCB<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW Plaintiff GI SYUNG NAM ("Nam"), on behalf of himself

and all others similarly situated, through his counsel, Brian Gene Kim of Leon and

Kim, LLC, and files his Complaint alleging as follows:

## <u>NATURE OF THIS ACTION</u>

1.

This is a collective action brought under the Fair Labor Standards Act of

1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, in which Plaintiff seeks

compensatory and liquidated damages against Defendants for their failure to pay

federally-mandated overtime wages during Plaintiff's employment with Defendants. Plaintiff Nam alleges on behalf of himself and all other current and former employees of Defendants, similarly situated to Nam, in the state of Alabama and Georgia, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. 216(b) ("Collective Action Class"). In particular, it is the intent of this collective action to apply to all current/former "Korean Excavator Operator and Korean Excavator Maintenance Workers" of any of the Defendants in the State of Georgia and Alabama, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. 216(b). ("Collective Action Class").

## **PARTIES**

2.

GI SYUNG NAM, the named Plaintiff in this action, lives in the Northern District of Georgia.

3.

At all times material hereto, Plaintiff Nam was an "employee" of the respective Defendants within the meaning of the FLSA.

4.

Plaintiff Nam has fulfilled all conditions precedent to the institution of this

action and/or such conditions have been waived.

5.

Defendant Jong Ho Cho, is an individual, lives in the Middle District of Alabama.

6.

Defendant Jong Ho Cho is a corporate officer of multiple businesses in Alabama and Georgia, including but not limited to AIA Recycling Corporation ("AIA Recycling") and Metal Source of America, Inc. ("Metal Source America"), Defendant Ajin Metal Scrap Corporation ("Ajin Metal Scrap") and Core Steel International, Inc. ("Core Steel").

7.

Defendant Jong Ho Cho has an ownership interest in multiple businesses in Alabama and Georgia, including but not limited to AIA Recycling, Metal Source America, Core Steel, and Ajin Metal Scrap.

8.

Defendant Jong Ho Cho was involved in the day-to-day operation and has substantial operation control over AIA Recycling, Metal Source America, Core Steel, and Ajin Metal Scrap, including, without limitation, the policies governing

individuals employed in the same capacity as the named Plaintiff and the putative

class of Plaintiffs.

9.

Defendant Jong Ho Cho exerts control over financial affairs of AIA

Recycling, Metal Source America, Ajin Metal Scrap, and Core Steel in compliance

with the Fair Labor Standard Act.

10.

Defendant Jong Ho Cho has the power to hire and fire employees, including,

without limitation, individuals employed by AIA Recycling, Metal Source

America, Ajin Metal Scrap and Core Steel in the same capacity as the named

Plaintiff and putative class of Plaintiffs.

11.

Defendant Jong Ho Cho controls employee's work schedules and conditions

of the employment, including, without limitation, individuals employed by AIA

Recycling, Metal Source America, Ajin Metal Scrap and Core Steel in the same

capacity as the named Plaintiff and putative class of Plaintiffs.

12.

Defendant Jong Ho Cho determines the rate and method of payment for

employees including, without limitation, individuals employed by AIA Recycling, Metal Source America, Ajin Metal Scrap and Core Steel in the same capacity as the named Plaintiff and putative class of Plaintiffs.

13.

Defendant Jong Ho Cho is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

14.

At all relevant times, Defendant Jong Ho Cho has been and remain, an "Employer" within the meaning of the FLSA, 29 U.S.C. §203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

15.

As an employer who engaged in commerce, Defendant Jong Ho Cho is subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

16.

Defendant Jong Ho Cho, at all times material hereto, knowingly and willfully failed to pay Plaintiff Nam his lawfully earned wages in conformance

with the FLSA.

17.

Defendant Ajin Metal Scrap Corporation is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Alabama, and transacts and has transacted regular, not isolated, acts of business in Opelika, Alabama.

18.

Ajin Metal Scrap can be served by delivering a copy of summons and complaint to its registered agent Tae U Yi at 470 South Cloverdale Road, Greenville, AL 36037.

19.

Defendant Ajin Metal Scrap is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

20.

At all relevant times, Defendant Ajin Metal Scrap has been and remains, an Employer within the meaning of the FLSA, 29 U.S.C. §203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

21.

As an employer who engaged in commerce, Defendant Ajin Metal Scrap is subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

22.

Defendant Ajin Metal Scrap, at all times material hereto, knowingly and willfully failed to pay Plaintiff Nam his lawfully earned wages in conformance with the FLSA.

23.

Defendant Core Steel is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in Savannah, Georgia.

24.

Core Steel can be served by delivering a copy of summons and complaint to its registered agent John Lee at 2259 Greenville, Lagrange, Georgia 30241.

25.

Core Steel is engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

26.

Core Steel is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

27.

At all relevant times, Defendant Core Steel has been and remain, an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

28.

As an employer who engaged in commerce, Defendant Core Steel is subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

29.

Defendant Core Steel, at all times material hereto, knowingly and willfully failed to pay Plaintiff Nam his lawfully earned wages in conformance with the FLSA.

30.

Defendant Metal Source America is a corporation which maintains, and, at

all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in LaGrange, Georgia.

31.

Metal Source America can be served by delivering a copy of summons and complaint to its registered agent John Lee at 2259 Greenville, LaGrange, Georgia 30241.

32.

Metal Source America is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

33.

At all relevant times, Defendant Metal Source America has been and remain, an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

34.

As an employer who engaged in commerce, Defendant Metal Source America is subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

35.

Defendant Metal Source America, at all times material hereto, knowingly and willfully failed to pay Plaintiff Nam his lawfully earned wages in conformance with the FLSA.

36.

Defendant Na Y Kim is an individual. According to the Georgia Secretary of State's records, Defendant Na Y Kim is a secretary of Defendant Core Steel and CFO and Secretary of Metal Source America. She can be served at 54 Mohawk Avenue, Norwood, NJ 07648.

37.

According to the Alabama Secretary of the State's records, Defendant Na Y Kim is a director of Defendant Ajin Metal Scrap Corporation and President of AIA Recycling Corporation.

38.

Na Y Kim has substantial operation control over AIA Recycling, Metal Source America, Ajin Metal Scrap and Core Steel, including, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiff and the putative class of Plaintiffs.

39.

Na Y Kim exerts control over financial affairs AIA Recycling, Metal Source America, Ajin Metal Scrap and Core Steel in compliance with the Fair Labor Standard Act.

40.

Na Y Kim has the power to hire and fire employees, including, without limitation, individuals employed by AIA Recycling, Metal Source America, Ajin Metal Scrap and Core Steel in the same capacity as the named Plaintiff and putative class of Plaintiffs.

41.

Na Y Kim controls employee work schedules and conditions of employment, including, without limitation, individuals employed by AIA Recycling, Metal Source America, Ajin Metal Scrap and Core Steel in the same capacity as the named Plaintiff and putative class of Plaintiffs.

42.

Na Y Kim determines the rate and method of payment for employees including, without limitation, individuals employed by AIA Recycling, Metal Source America, Ajin Metal Scrap and Core Steel in the same capacity as the

named Plaintiff and putative class of Plaintiffs.

43.

At all times relevant to this action, Na Y Kim oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by AIA Recycling, Metal Source America, Core Steel and Ajin Metal Scrap in the same capacity as the named Plaintiff and putative class of Plaintiffs.

44.

Defendant Na Y. Kim is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

45.

At all relevant times, Defendant Na Y. Kim has been and remains, an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

46.

As employers engaged in commerce, Defendant Na Y. Kim is subject to the

requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

47.

Defendant Na Y. Kim, at all times material hereto, knowingly and willfully failed to pay Plaintiff Nam his lawfully earned wages in conformance with the FLSA.

**Jurisdiction**

48.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. § 1331.

49.

Defendant Jong Ho Cho is subject to the personal jurisdiction of the State of Georgia because he engages in substantial and not isolated activity within Georgia.

50.

Defendant Ajin Metal Scrap is subject to the personal jurisdiction of the State of Georgia because they engage in substantial and not isolated activity within Georgia.

51.

Defendant Core Steel is subject to the personal jurisdiction of the State of Georgia because they engage in substantial and not isolated activity within Georgia.

52.

Defendant Metal Source America is subject to the personal jurisdiction of the State of Georgia because they engage in substantial and not isolated activity within Georgia.

53.

Defendant Na Y. Kim is subject to the personal jurisdiction of the State of Georgia because she engages in substantial and not isolated activity within Georgia.

## **VENUE**

54.

The venue of this Court over this controversy is based upon following:

    a.        The unlawful employment practices alleged below occurred and/or committed in Troup County, Georgia, in the Northern District of Georgia;

    b.        Defendant Metal Source America, Inc. is a Georgia

corporation and doing business within this judicial

district.

55.

Venue is proper in the Northern District of Georgia.

## **FACTS**

56.

Plaintiff Nam is a former employee of Defendant Jong Ho Cho.

57.

Plaintiff Nam is a former employee of Defendant Ajin Metal Scrap.

58.

Plaintiff Nam is a former employee of Defendant Core Steel.

59.

Plaintiff Nam is a former employee of Metal Source America.

60.

Plaintiff Nam is a former employee of Defendant Na Y. Kim.

61.

Around March, 2012, Plaintiff Nam was hired by Metal Source America, Inc. as an excavator maintenance worker.

62.

Sometime in March 2012, Defendants relocated Plaintiff Nam to Defendant Core Steel's Savannah Georgia facility.

63.

From September 2012 to July 2015, Plaintiff Nam worked at the Opelika, Alabama facility.

64.

While Plaintiff Nam was working at the Opelika, Alabama facility, he received paychecks from Core Steel.

65.

When Plaintiff was first hired, Defendant paid Plaintiff Nam a salary of $48,000.00 per year. Around January 2015, the salary was raised to $51,000.00 per year.

66.

Defendant Jong Ho Cho has ownership interest in AIA Recycling

Corporation.

67.

Defendant Jong Ho Cho has ownership interest in Metal Source America, Inc.

68.

Defendant Jong Ho Cho has ownership interest in Core Steel International, Inc.

69.

Defendant Jong Ho Cho has ownership interest in Ajin Metal Scrap Corporation.

70.

Defendant Jong Ho Cho is an officer of AIA Recycling Corporation.

71.

Defendant Jong Ho Cho is an officer of Metal Source America, Inc.

72.

Defendant Jong Ho Cho is an officer of Core Steel International, Inc.

73.

Defendant Jong Ho Cho is an officer of Ajin Metal Scrap Corporation.

74.

AIA Recycling Corporation engages in metal recycling businesses.

75.

Metal Source America, Inc. engages in metal recycling businesses.

76.

Core Steel International, Inc. engages in metal recycling businesses.

77.

Ajin Metal Scrap engages in metal recycling businesses.

78.

Defendant Na Y. Kim, her husband, and/or her son(s) has ownership interest in AIA Recycling Corporation.

79.

Defendant Na Y. Kim, her husband, and/or her son(s) has ownership interest in Metal Source America, Inc.

80.

Defendant Na Y. Kim, her husband, and/or her son(s) has ownership interest in Core Steel International, Inc.

81.

Defendant Na Y. Kim, her husband, and/or her son(s) has ownership interest in Ajin Metal Scrap Corporation.

82.

Defendant Na Y. Kim is an officer of AIA Recycling Corporation.

83.

Defendant Na Y. Kim is an officer of Metal Source America, Inc.

84.

Defendant Na Y. Kim is an officer of Core Steel International, Inc.

85.

Defendant Na Y. Kim is an officer of Ajin Metal Scrap Corporation.

86.

Plaintiff Nam's national origin is Korea.

87.

More than half of Defendants' excavator operators and excavator maintenance workers are either Koreans or are workers whose national origin is Korea.

88.

From August 1, 2012 and July 31, 2015, Defendants paid Plaintiff Nam a salary.

89.

From August 1, 2012 and July 31, 2015, Defendants paid their excavator operators and excavator maintenance workers a salary.

90.

From August 1, 2012 and July 31, 2015, the Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff a fixed wage regardless of the hours worked.

91.

It is the intent of this collective action to apply to all of Defendants'

current/former "Korean Excavator Operator and Korean Excavator Maintenance

Workers."

92.

Plaintiff Nam's principal duties while working for Defendants was

maintaining Defendant's excavators connected with Defendants' scrap metal

recycling business.

93.

During the time Plaintiff Nam was employed by Defendants, Defendants

utilized time cards in order to track Plaintiff's hours worked.

94.

Defendant Jong Ho Cho has employed, other than Plaintiff, at least one

Korean excavator operator and/or Korean excavator maintenance worker who

worked in excess of forty-hours for at least one week but has not received overtime

compensation at the rate of time and one-half of his regular hourly rate for that

week.

95.

Defendant Ajin Metal Scrap has employed, other than Plaintiff, at least one

Korean excavator operator and/or Korean excavator maintenance worker who

worked in excess of forty-hours for at least one week but has not received overtime compensation at the rate of time and one-half of his regular hourly rate for that week.

96.

Defendant Core Steel has employed, other than Plaintiff, at least one Korean excavator operator and/or Korean excavator maintenance worker who worked in excess of forty-hours for at least one week but has not received overtime compensation at the rate of time and one-half of his regular hourly rate for that week.

97.

Defendant Metal Source America has employed, other than Plaintiff, at least one Korean excavator operator and/or Korean excavator maintenance worker who worked in excess of forty-hours for at least one week but has not received overtime compensation at the rate of time and one-half of his regular hourly rate for that week.

98.

Defendant Na Y. Kim has employed, other than Plaintiff, at least one Korean excavator operator and/or Korean excavator maintenance worker who worked in

excess of forty-hours for at least one week but has not received overtime compensation at the rate of time and one-half of his regular hourly rate for that week.

99.

Nam and the putative class members are similarly situated in terms of job duties, pay, and compensation because they either operate or maintain excavators, are paid a salary, and they are directed by the same managers.

100.

Defendants deliberately failed to provide Nam with overtime compensation for hours worked in excess of forty in a workweek in 2013, 2014, and 2015.

101.

Plaintiff Nam has retained Leon and Kim, LLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## CLAIM FOR RELIEF

## COUNT I.

## VIOLATION OF FAIR LABOR STANDARD ACT (FLSA)

102.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

103.

Defendants repeatedly and willfully violated the provisions of Fair Labor Standard Act, 29 U.S.C. § 201 *et seq.* by employing individuals, including Nam, engaged in commerce or in the production of goods for commerce, for work weeks longer than forty hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

104.

Nam, as well as those similarly situated to him, were/are regularly compelled to work more than forty hours per week but were/are not paid overtime compensation as required under the FLSA.

105.

Nam, and those similarly situated to him, were/are not exempt employees under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess forty.

106.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

107.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff Nam, and those similarly situated to him, suffered a loss of wages of at least $90,000.00 or in an amount to be determined in this collective action.

108.

Each Defendant, jointly and severally, owes Nam, and those similarly situated to him, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

109.

Pursuant to Section 216(b) of the Act, Defendants owe Nam, and those similarly situated to him, jointly and severally, for reasonable attorney fees.

## COUNT II

## COLLECTIVE ACTION FOR OTHER EMPLOYEES SIMILARLY SITUATED

110.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

111.

Pursuant to 29 U.S.C. § 216, Plaintiff provided a statutory right to bring this action on behalf of himself and other employees similarly situated.

112.

It is the policy of Defendants not to pay their Korean excavator operators and Korean excavator maintenance workers the overtime compensation at the lawfully required rate of time and one-half for all hours worked in excess of forty-hours per workweek.

113.

Korean excavator operators and Korean excavator maintenance workers at the Defendants' businesses do not receive overtime compensation at the lawfully required rate of time and one-half for all hours worked in excess of forty-hours per workweek.

114.

Plaintiff Nam intend to obtain the names of other employees similarly situated, both current and former, by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will seek leave of Court to amend his Complaint for Damages to set forth the names of such employees and the amounts of unpaid FLSA overtime compensation due to them.

WHEREFORE, Plaintiff demands relief as follows:

1.   Instruct the Clerk of Court to issue the Summons that are attached herein;

2.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Action Members as an FLSA Opt-In Class, apprising them of the pendency of the claims asserted in this action under Section 216(b) of the FLSA, permitting them to assert timely Section 216(b) FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Nam and his counsel to represent the Collective Action members and tolling the statute of limitations;

3.   An Order finding that Defendants violated section 215(a)(2) and 216(b) of the FLSA;

4.   Judgment in favor of Nam and all those similarly situated to him and against Defendants, jointly and severally, for unpaid overtime

compensation together with liquidated damages;

5.    Pursuant to Section 216(b) of the Act, judgment in favor of Nam and those similarly situated to him and against Defendants, jointly and severally, for reasonable attorney fees;

6.    Judgment in favor of Nam and those similarly situated to him and against Defendants, jointly and severally, for prejudgment interest;

7.    Judgment in favor of Nam and those similarly situated to him and against Defendants, jointly and severally, for all taxable and non-taxable costs;

8.    Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury trial is available; AND

9.    Such other, further and different relief as this Court deems appropriate.

This 25th day of August, 2015.

By: */s/ Brian G. Kim*
     Brian G. Kim
     Georgia. Bar No. 479330
     Alabama Bar No. 1288R67G

By: */s/ Beverly Lucas*
     Beverly Lucas
     Georgia. Bar No. 427692

By: */s/ Homero Leon*
     Homero Leon
     Georgia. Bar No. 446585

LEON AND KIM, LLC

3006 Clairmont Road
Atlanta, GA 30329
Telephone:  678.302.1956
Facsimile:    404.601.1391
E-Mail: Brian@leonandkim.com